```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**GERALDINE HOWARD and
LESTER HOWARD,**

       **Plaintiffs,**

**v.**                    **CIVIL ACTION NO. 2:09-1027**

**PROPERTY & CASUALTY INSURANCE
COMPANY OF HARTFORD,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are the parties' cross motions for summary judgment. (Docs. 31 and 33). For the reasons set forth more fully below, plaintiffs' motion for summary judgment is **DENIED** and defendant's motion for summary judgment is **GRANTED**.

### Factual Background

This civil action arises out of an automobile accident occurring in Kanawha County, West Virginia, on January 6, 2009. On that date, plaintiff Lester Howard lost control of the vehicle he was driving and ran off the road. Complaint ¶¶ 2-3. His wife Geraldine was a passenger in the vehicle and, according to the Complaint, "suffered severe injuries to her head and body." Id. at ¶ 4.

At the time of the accident, Mr. Howard was insured by a Policy of insurance issued by defendant Property & Casualty Insurance Company of Hartford ("Hartford"). The Policy, No. 55

PHK165757, had liability limits of $100,000 per person and $300,000 per occurrence. According to the Complaint, the Policy was delivered to plaintiff in West Virginia.

Geraldine Howard submitted a claim to Harford under the policy for the injuries she sustained in the aforementioned car accident. She received the limits of her no-fault "Personal Injury Protection Coverage" but she was denied liability coverage based upon a family member exclusion contained in the Policy.[1] However, at some point, Mrs. Howard was paid the West Virginia mandatory minimum limits of financial responsibility, $20,000.00. Mrs. Howard contends that family member exclusion is invalid in its entirety and that, under West Virginia law, she is entitled to liability coverage above the mandatory minimums already paid.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

---

[1] The Policy provides in pertinent part: "We do not provide Liability Coverage for any insured: . . . 10. For bodily injury to you or any family member." See Exhibit F to Defendant's Motion for Summary Judgment at p. 58.

The moving party has the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial. Id. at 322. If the moving party meets this burden, according to the United States Supreme Court, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the moving party has met this burden, the burden shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-51.

## **Analysis**

Defendant contends that it is entitled to entry of summary judgment in its favor because the Policy at issue is a

Florida policy and, in Florida, family member exclusions are valid and enforceable.  Moreover, Hartford contends that even if the Policy was delivered in West Virginia, plaintiff's claim still fails because West Virginia's family member exclusion is valid above the West Virginia mandatory minimum limits of financial responsibility contained in West Virginia's Motor Vehicle Safety Responsibility Law.[2]

Even if the court were able to resolve the issue of where the policy was "delivered or issued for delivery" on the basis of the record before it (and the court is uncertain whether it could), it is unnecessary to do so.  The court finds that, even if West Virginia law does apply to the Policy, the family member

---

[2] The purpose of West Virginia's Motor Vehicle Safety Responsibility Law, West Virginia Code §§ 17D-1-1 et seq., is "to provide a minimum level of financial security to third-parties who might suffer bodily injury or property damage from negligent drivers."  Dairyland Ins. Co. v. East, 425 S.E.2d 257, 261 (W. Va. 1992).  West Virginia Code § 17D-4-12(b)(2) provides that all motor vehicle liability policies issued by this state:

> [s]hall insure the person named therein and any other person, as insured, ... against loss from the liability imposed by law for damages ... subject to limits exclusive of interest and costs, with respect to each such vehicle as follows: Twenty thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, forty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and ten thousand dollars because of injury to or destruction of property of others in any one accident.

exclusion is void only within the minimum/mandatory limits of financial responsibility.

According to plaintiff, the family member exclusion is void in its entirety because the Office of the West Virginia Insurance Commissioner has promulgated the following regulation: "Motor vehicle liability policies shall not contain family member exclusions." W. Va. C.S.R. 114-63-3.5 (2003). That same office, however, has issued an "informational letter . . . to clarify the family member exclusions included in automobile policies" and concluded that "[a]ny automobile family member liability exclusion applied within mandatory limits is therefore void." West Virginia Informational Letter No. 140.[3] Furthermore, West Virginia's highest court specifically considered Informational Letter No. 140 when it found that household or family member exclusions are not a violation of West Virginia public policy. Howe v. Howe, 625 S.E.2d 716, 724 (W. Va. 2005) ("Appellant cannot point to any decision of this Court that declares `household' exclusions are a violation of West Virginia public policy. Indeed, none exist. Nor does she address or acknowledge

---

[3] The Informational Letter, dated July 2002, predates W. Va. C.S.R. 114-63-3.5 (2003). However, the West Virginia Insurance Commissioner has made clear that its Information Letters "represent the Insurance Commissioner's current policy positions on various insurance-related topics." West Virginia Offices of the Insurance Commissioner, http://www.wvinsurance.gov/PolicyLegislation/InformationalLetters.aspx (last visited Sept. 29, 2011).

5

prior decisions of this Court upholding similar family use exclusions as valid and not against the public policy of this State . . . ."). The Howe court continued:

> We likewise reject Appellant's argument that Information Letter No. 140 promulgated by the West Virginia Insurance Commissioner in 2002 evidences a strong public policy against "household" exclusions in policies of insurance. In Informational Letter No. 140, the Insurance Commissioner declared "household" exclusions in automobile liability insurance policies void up to the mandatory policy limits set forth in W. Va. Code § 33-6-31. The letter went on to recognize the potential validity of the exclusions in some circumstances not involving mandatory liability limits. Thus, we do not see how this letter evidences the strong public policy suggested by Appellant.

Id.[4]

Furthermore, although the West Virginia Supreme Court of Appeals has made clear that "the mandatory requirement of insurance coverage under W. Va. Code, 17D-4-2, takes precedence over any contrary or restrictive language in an automobile liability insurance policy," Miller v. Lambert, 464 S.E.2d 582, 586 (W. Va. 1995), it has consistently found exclusionary policy language to be enforceable above the statutorily mandated minimum limit in other contexts. See, e.g., Jones v. Motorists Mut Ins., Co., 356 S.E.2d 634, 637 (W. Va. 1987) ("[B]eyond the mandatory

---

[4] In his dissenting opinion in Howe, Justice Starcher specifically advanced the position that 144 C.S.R. § 63.3.5 was a "clear regulatory statement of West Virginia public policy" -- a position the majority did not embrace. Id. at 730 (Starcher, J., dissenting).

6

twenty thousand dollar bodily injury for one person, forty thousand dollar bodily injury for two or more persons, and ten thousand dollar property damage minimum coverage requirements, Code 33-6-31(a) [1982] allows an insurer and an insured to agree to a `named driver exclusion' endorsement."); Ward v. Baker, 425 S.E.2d 245, 249 (W. Va. 1992) ("Erie has already paid into court the mandatory minimum $20,000 bodily injury coverage for the Plaintiff.  Therefore, due to the existence of the valid named driver exclusion, Erie is not responsible for any damages in excess of the $20,000."); Dairyland Ins. Co. v. East, 425 S.E.2d 257, 261 (W. Va. 1992) ("For the same reasons that we concluded in Jones that a named driver exclusion was valid above the limits of financial responsibility imposed by West Virginia Code § 17D-4-12(b)(2), a named insured exclusion endorsement is similarly valid above the statutorily-imposed minimum amounts of coverage."); Dotts v. Taressa J.A., 390 S.E.2d 568, 574 (W. Va. 1990) ("We, therefore, conclude that an intentional tort exclusion in a motor vehicle liability insurance policy is precluded under our Safety Responsibility Law up to the minimum insurance coverage required therein.  The policy exclusion will operate as to any amount above the statutory minimum.").

  For these reasons, the court finds that the family member exclusion contained in the Policy is valid above the amounts

mandated by West Virginia's Motor Vehicle Safety Responsibility Law.

## Conclusion

Based on the foregoing, plaintiff's motion for summary judgment is **DENIED** and defendant's motion for summary judgment is **GRANTED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO **ORDERED** this the 30th day of September, 2011.

ENTER:

David A. Faber
Senior United States District Judge